Allen, J.
delivered the opinion of the court.
This is an appeal from a decree of the Circuit court of Mason, making partition of a tract of land. The petition merely alleges, that the court erred in making partition, instead of dismissing the bill with costs; and there is no assignment of the particular errors complained of in the petition, nor has there been any such assignment at the bar. The court is thus left to grope its way in the dark, and to search through the whole record, to ascertain whether there is any error of which the appellants can complain. The bill was filed by the appellee, to obtain, partition of a tract of 3080 acres situate in Mason county, of which the appellee claimed to be entitled to one-third. The land it seems was patented to William Austin, by patent bearing date the 22d May 1798. On the 13th December 1814, a certain John Austin, describing himself in an office copy of a deed, made an exhibit as the father and heir 'of his son William Austin, conveyed to a certain Mosby *148 Shepherd of Henrico all lands to which he was entitled as heir of William Austin. This deed seems to have been proved and recorded in the county of Hanover, where the grantor resided on the 25th January 1815, but does not appear to have been ever admitted to record in the county where the lands, the subject of this controversy, were situate.
Mosby Shepherd, by a deed dated the 15th February 1817, and recorded in Kanawha county 1st May 1817, conveyed to John Wilson of Kanawha county, and Jesse Winn of- Hanover, two-thirds of all the lands, wherever the same might be found, conveyed by John Austin to said Shepherd, by deed dated the 13th December 1814, and admitted to record in the court of Hanover the 25th January 1815.
On the 3d of September 1824, John Wilson and wife conveyed to Luke Prior of Mason county an undivided third part of a tract of 3080 acres situate in Mason county, which undivided third part as aforesaid the deed sets forth “was deeded to John Wilson by Mosby Shepherd, and is of record in the clerk’s office of Kanawha county. This deed was duly certified and recorded in Mason county on the 6th of March 1826.
On the 19th October 1827, Prior and wife conveyed to John Hannon, one of the appellants, 500 acres by metes and bounds, part of a survey granted to William Austin for 3080 acres, deeded to Prior by John Wilson, attorney for said Austin. This deed was admitted to record on the 26th October 1843.
On the 18th August 1823, Prior, as assignee of John Wilson, attorney for William Austin, conveyed to Matthew D. Brown one hundred acres by metes and bounds, which it appears was situate -at the upper end of the 3080 acre tract.
By these conveyances, the one-third of the 3080 acres claimed by John Wilson, under the conveyance *149 of Mosby Shepherd to him and Jesse Winn, was transferred to and vested in the heirs of Luke Prior, who has departed this life, and his alienees, Hannon ~ • Brown.
On the 28th November 1845, Jesse Winn conveyed to the appellee his undivided third part of the 3080 acres, of which he claimed to be seized in fee by virtue of the deed of Mosby Shepherd to him and John Wilson, dated the 15th February 1817.
The appellee thus claiming one undivided third part of the tract, filed his bill for a partition, making the unknown heirs of Mosby Shepherd the owners of the undivided third part not conveyed by their ancestor, and the appellants as alienees of the one-third part conveyed by John Wilson to Prior, defendants.
It seems from an endorsement on the copy of the deed from John Austin to Mosby Shepherd, filed as an exhibit, that the defendants in the court below objected to an office copy being read as evidence, as it did not appear that the deed had been recorded in the General court, or in the county where the land was situate.
The deed from John Wilson to Luke Prior for an undivided third part of the 3080 acres, recites that the same was deeded to John Wilson by Mosby Shepherd, by a deed of record in Kanawha county; and that deed refers to and recites the provisions of the deed from John Austin to Shepherd. The appellants claim .under Prior as heirs or alienees; Hannon files the exhibit as part of his evidence of title. In the deed to Brown, Prior conveys as assignee of Wilson, attorney for William Austin, and in his deed to Hannon recites that the land was deeded to Prior by John Wilson, attorney for said Austin. It thus appears that the deed from John Austin to Mosby Shepherd is the common source of title to both parties. And the deed to Prior, under whom they all claim, refers to and recites the terms of the deed to John Wilson, which describes the *150 deed objected to by its date and place of record. It is not therefore competent for these appellants, who claim to have entered into the land and to hold under this deed, to object to its validity for want of registry, the subsequent title papers having referred to it as being recorded in the county of Hanover. Where both parties claim under the same third person, it is sufficient to prove the derivation of title from him without proving his title. 2 Greenl. Evi., § 307. The recitals in the deeds subsequent to the deed objected to, direct attention to that deed: it is referred to in the deed of Shepherd to Wilson and Winn, by its terms, its date and place of record. These recitals are evidence against parties and privies in blood, in estate and law, and an office copy from the place described as the place of record is good evidence in controversies with them. Jackson v. Parkhurst, 9 Wend. R. 209 ; 4 Phil. Evi. 453, note 251; (Cowen & Hill’s notes.)
The answers of all the appellants allege that the interests of the other tenants in common have been forfeited to the commonwealth either for nonentry on the books of the commissioner of the revenue, or for nonpayment of the taxes. Of these allegations no proof whatever is adduced, and they may be dismissed from further consideration.
The tract, sold and conveyed to the appellant Brown by metes and bounds, has been assigned to him by the partition made by the commissioner and the final decree. As respects the land sold him by Prior as part of the 30S0 acre tract, he gets by the decree all that he claimed or was entitled to. In the first answer filed by him he alleged he had a claim to about 350 acres, which included the 100 acres purchased of Prior, being part of a tract that he had entered, but declined presenting his claim to the junior entry in this suit. In his amended answer, however, he does assert his claim to the 100 acres claimed under his purchase from *151 Prior as part of the large survey, and to so much of the tract of 3080 acres as was embraced in a patent to him for 590 acres, dated the 30th June 1847. His title, therefore, under this junior grant is directly in issue, and must be passed upon in order to a partition of the whole tract.
As he entered upon the tract under and by virtue of the common title, claiming under one of the tenants in common, he was a necessary party in a suit for partition ; and any other claim which he may have acquired to the common subject must be disposed of in order to a partition of the whole subject. His patent and the survey on which it was founded bear date after the bill was filed in this case. His answers admit that the 100 acres purchased of Prior was part of the 3080 acre tract, and that the residue of the land claimed under his recent patent was within the bounds of the larger tract. He has shown no forfeiture or transfer of a forfeited title to him; and as the commonwealth had, according to his own admission, previously granted the land to Austin, the land was not waste and unappropriated, and nothing passed to him by the junior grant so far as it embraced land included in the boundaries of the previous grant. As the patent was issued after the institution of this suit, there could be no adverse possession under it. He has, therefore, failed to establish any claim to more of the land than the portion he holds under the deed from Prior, confirmed to him by the decree; and as this is all the decree did allow to him, the additional claim set up under his junior grant of the 30th of June 1847, is in effect disaffirmed; and in this there is no error in the decree.
The appellants, the heirs of Prior, rely on the alleged forfeiture to the commonwealth, but of which no proof is adduced. They furthermore insist that their ancestor, in virtue of his purchase from John Wilson of one undivided third, entered and took actual possession of *152 a portion of the tract at the lower part thereof, and that he and those claiming under him have held and • claimed to hold possession of the lower end of the tract, and have' exercised acts of ownership over the same ever since. The evidence on .this subject is very vague and unsatisfactory: it is proved that about twenty or twenty-two years before the bill was filed, a man by the name of Curry, who stated he had purchased some of the land from Prior, commenced building a cabin on a portion of the tract, afterwards sold and conveyed by Prior to Hannon, but did not finish it because Prior had sold the same land to Han-non. Between the years 1833-5, David McCoy, supposing the land to be vacant, finished the cabin and lived in it for about six months, when the cabin was burned down. He did not enter under any of the appellants and held no tenancy under any contract with Hannon; but being informed that the land belonged to Hannon, intended to apply for a lease, if the cabin had not been burned. From that period there is no evidence of any actual occupation of any part of the land by Pryor or those claiming under him at the lower part of the tract, until Greorge Prior entered upon a portion of the tract about the year 1844, two years before this bill was filed. This evidence does not establish an actual occupancy and possession in any of the appellants or those under whom they claim, prior to the entry of Greorge Prior, shortly before this suit was instituted. It does not clearly appear that Curry entered under Prior at all, and even if he did, his acts amounted to nothing more than an entry. The subsequent brief possession of McCoy was not held under any of the parties interested in the lands, and was soon abandoned. Such evidence of adverse possession would not avail as against a stranger, and as between tenants in common does not establish anything like that actual ouster and adverse holding which is necessary to con *153 stitute an exclusive possession in one tenant in common as against his cotenants; nor would the payment of taxes on an undivided third or a conveyance of a portion by metes and bounds, not followed by actual entry and possession, amount to such an ouster. Where two persons claim by the same title, there shall be no adverse possession so as to toll an entry of one, but the entry of the other shall at all times be lawful. Coke Lit. 242 a; Fairclaim v. Shackleton, 4 Burr. R. 2604; Hall v. Mathias, 4 Watts & Serg. 331; Purcell v. Wilson, 4 Gratt. 16.
The appellant Hannon also sets up an adverse claim to one hundred acres of land under a patent to John Sibrell, dated the 13th July 1830. The patent and a deed from David Wallace and wife to the appellant Hannon are filed; but there is no evidence to show where the land is situate or that possession has ever been taken of it, or to connect Wallace with the patentee. If it is within the bounds of the 3080 acre tract, the patent conferred no title, as the lands had already been granted.
Ho attempt was made to prove that the partition was unequal. The interests and convenience of the appellants were consulted so far as could be done with a due regard to the rights of their cotenants. I think the decree should be affirmed.
Decree affirmed.