CASE 15—PETITION EQUITY—JANUARY 22.

# Allen and wife vs. Shortridge, &c.

APPEAL FROM M'LEAN CIRCUIT COURT.

1. The slave of a married woman cannot be sold, except in the mode prescribed for the conveyance of her lands. (*Sec.* 2, *art.* 2, *chap.* 47, *Rev. Stat.;* 17 *B. Mon.,* 118.)

2. The certificate of the clerk showing that the married woman acknowledged the deed, and when acknowledged, is evidence that her acknowledgment had been taken in the prescribed mode. (*Sec.* 22, *chap.* 24.)

3. Where the certificate shows that the acknowledgment was made in the presence of the husband, it will, for that reason alone, be invalid.

4. There is no lien upon personal property in favor of one who has advanced money for it, without having either title or possession.

5. An omission to state in the pleadings the amount of money advanced and sought to be recovered, is not cured by a bill of sale filed with the pleading, though it contains a statement of the amount. (1 *Met.*, 430; 14 *B. Mon.*, 86.)

J. H. McHENRY, for appellants, cited 7 *Dana*, 92; 5 *J. J. M.*, 762; 5 *Mon.*, 269; 7 *B. Mon.*, 226.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

In our opinion the court erred in overruling the exception to Davidson's deposition. But the error was not prejudicial to the appellants, because, even if the slave belonged to Mrs. Shortridge, and was not her separate property, the appellants have failed to show a valid conveyance from her and her husband.

The slave of a married woman cannot be sold, except in the mode prescribed for the conveyance of lands of married women. (*R. S.*, *ch.* 47, *art.* 2, *sec.* 2; 17 *B. M.*, 118.) It is the duty of an officer, before certifying an acknowledgment by a married woman, "to explain to her the contents and effect of the deed separately and apart from her husband," and to ascertain that she "freely and voluntarily acknowledges the same, and is willing for it to be recorded." (*R. S.*, *ch.* 24, *sec.* 22.) If the clerk had simply certified that Mrs. Shortridge had acknowledged the deed before him, and when it was done, his certificate would have been "evidenced that she had been examined separately and apart from her husband, and the contents explained to her, and that she had voluntarily acknowledged the same and consented that it might be recorded." (*R. S.*, *ch.* 24, *sec.* 22, *sub.* 1.) But in this case, the clerk's certificate leaves no room for inferences as to the manner in which the acknowledgment was taken. It is as follows:

"STATE OF KENTUCKY, McLean county, *sct:*

"This is to certify that I, Lloyd W. Gates, D. C., for Alf. C. Tanner, clerk of the court for the county aforesaid, did, on the first day of November, 1860, present the within bill of sale to Mrs. M. J. Shortridge, in her house, and that upon my putting the question to her, after explaining the provisions of the same, 'Do you acknowledge this signature of your name hereunto to be your act and deed for the purposes therein

contained?' she said yes. Then Mr. Shortridge, who was approaching at that time, behind me, remarked, 'You don't acknowledge any thing more than you have done before, do you?' She said no! And I certify the facts in accordance with the wish of Mr. Allen and wife, and admit the same to record.

"L. W. GATES, D. C.,<br>"For ALF. C. TANNER, <i>Clerk</i>."

We doubt whether it can be inferred from the certificate that Mrs. Shortridge consented that the deed might be recorded. But we need not decide that point, because the acknowledgment is invalid for another reason. The certificate shows that it was made in the presence of Mrs. Shortridge's husband. It does not appear that he used any influence to induce her to make the acknowledgment. On the contrary, we infer that he did not wish her to make it. But that is not material. The statute requires the acknowledgment of a married woman to be made separately and apart from her husband, whether in opposition to, or in accordance with, his wishes.

The appellants contend that, at any rate, they are entitled to a lien on the slave for the purchase money alleged to have been paid by them to Mrs. Shortridge. Whether or not they would have been entitled to such a lien if they had been in possession of the slave, and had been sued therefor, or forcibly deprived thereof by the appellees, we need not decide. The appellants sue for the possession. They allege that the slave was delivered to them, but do not show how the appellees regained the possession. We are not aware of any authority for the position that a lien can attach upon personal property, in favor of a person who has advanced money for it, without having either title or possession.

Whether or not the fact that the purchase money was advanced to the appellees to enable them to pay debts contracted for necessaries, and for which they were legally liable, or the fact that the appellees fraudulently represented that they could convey a good title, renders Mrs. Shortridge, as well as her husband, liable to the appellants, we need not decide, because, if for no other reason, the appellants failed to state

the amount of the purchase money advanced; and this defect is not cured by the bill of sale filed with the petition, though it contains a statement of said amount.   (14 *B. M.*, 86; 1 *Met.*, 430.)

The judgment is affirmed.