# WHEELING.

LAIDLEY v. KNIGHT, TRUSTEE *et al.*

Submitted January 18, 1884—Decided April 5, 1884.

1. If the certificate of the acknowledgment of a married woman living with her husband shows, that she and her husband *together* acknowledged the deed before a proper officer, and *does not show, that while she was being examined privily and*

*apart from her husband*, and *after the deed had been fully explained to her*, she acknowledged the deed before such officer, such deed is inoperative to convey her title to the lands therein mentioned, although the certificate shows that all the other requirements of the statute in that case made and provided have been fully complied with. (p. 741.)

2. If such a certificate shows that the married woman acknowledged the deed *before* she was examined privily and apart from her husband and *before* the deed was fully explained to her, such deed will be inoperative to convey her title to the lands therein mentioned, although the certificate shows that *every other* requirement of the statute has been fully complied with. (p. 742.)

3. Unless the certificate of the acknowledgment of a married woman shows, that she acknowledged the deed, *while she was being examined* privily and apart from her husband, and *after the same had been fully explained to her*, such deed will be inoperative to convey her title to the lands in the deed mentioned, although the certificate shows, that *every other* requirement of the statute in that case made and provided has been fully complied with. (p. 742.)

WOODS, JUDGE, furnishes the following statement of the case:

On the 23d day of June, 1866, the plaintiff, Dulce Rowena Laidley, then being the wife of Alexander T. Laidley, being the owner in fee simple of various parcels of land in Kanawha county which she inherited from her father, James C. McFarland, by deed of that date, in which her husband joined, undertook to convey all of her said lands to one William A. Quarrier, *upon the following trusts:* "That the said Quarrier shall hold the said property, for the sole and separate use and benefit of the said Dulce Rowena Laidley, free from the debts, contracts and control of all persons whomsoever, except the said Dulce Rowena Laidley. And upon this further trust, to-wit: that the said Quarrier will permit the said Dulce Rowena Laidley, to use, occupy and possess any or all of the said property that she may desire, and to enjoy the rents, issues and profits of the residue during her natural life, and in all things to manage and enjoy all of said property through the medium of her trustee as if she were a *feme sole.* And power and authority are hereby given to the said Dulce R. Laidley during her natural life to sell, mortgage or give

deeds of trust upon any portion or all of said property, as she may see fit; and it shall be the duty of the said Quarrier to convey any or all of said property to any person in fee, or for any uses or trusts that the said Dulce Rowena Laidley may request him in writing signed by herself and attested by one respectable witness;" and with power reserved to her to dispose of the same by will, if not sold in her lifetime. This deed was signed and sealed by said grantors, and on the 2d of July, 1866, was admitted to record by the recorder of Kanawha county, upon the following acknowledgment:

"KANAWHA COUNTY RECORDER'S OFFICE,
"July 2, 1866.

"This deed or declaration was this day presented in this office and duly acknowledged by Alexander T. Laidley and D. R. Laidley, his wife, parties thereto, and the same being duly stamped according to law fifteen dollars was thereupon admitted to record.

"Teste:          "G. H. PORTER,
"*D. for John Slack, Recorder.*"

The deed was recorded in the clerk's office of the county court of said county upon a second acknowledgement before a notary public in these words:

"STATE OF WEST VIRGINIA, KANAWHA COUNTY, SS:

"I, Robert T. Oney, a notary public in and for the county of Kanawha aforesaid, in the State of West Virginia, do hereby certify that D. Rowena Laidley, wife of Alexander T. Laidley, parties to a certain deed bearing date the 23d day of August, 1866, and hereto annexed, personally appeared before me in my said county, and acknowledged the same, and being by me examined separate and apart from her said husband, and having the deed aforesaid fully explained to her, she, the said D. R. Laidley, declared that she had willingly signed, sealed and delivered the same, and that she did not wish to retract it.

"Given under my hand this 27th day of August, 1873.
"ROBERT T. ONEY, *Notary.*"

On the 12th day of January, 1875, the said Alexander T. Laidley and his wife, Dulce R. Laidley, executed a certain

writing purporting to be a deed of trust, to one Edward B. Knight, conveying to him two of the parcels of land mentioned in said deed to Wm. A. Quarrier, *upon trust* to secure the payment of the note of the said Alexander T. Laidley, dated January 12, 1875, and payable to Helen L. Burton, executrix of Edward C. Burton, six months after the date thereof, for the sum of one thousand and fifty dollars, and in case of default made in payment of said debt, the trustee should sell the said two parcels and apply proceeds of sale to pay the debt. By the written request of Dulce R. Laidley, "attested by a respectable witness," the said Wm. A. Quarrier, as her trustee, joined her and her husband in the execution of said deed of trust to Knight, which on January 14, 1875, was admitted to record by the clerk of the county court of Kanawha county upon the certificate of acknowledgment before a notary public of that county, which, omitting only the caption and signature, was in the following words:

"I, * * * do hereby certify that William A. Quarrier, Alexander T. Laidley and D. R. Laidley, parties to a certain deed bearing date the 12th day of January, 1875, and hereto annexed, this day personally appeared before me in my said county and acknowledged the same. And the said D. Rowena Laidley, wife of the said Alexander T. Laidley, being examined by me separate and apart from her said husband, and having the deed aforesaid fully explained to her, she, the said D. R. Laidley, declared that she had willingly signed, sealed and delivered the same, and that she did not wish to retract it.

"Given under my hand this 13th day of January, 1875."

Alexander T. Laidley and his wife having made default in the payment of the debt of one thousand and fifty dollars, to said executrix, the trustee E. B. Knight at her request advertised the said two parcels of land for sale under the provisions of said last mentioned trust-deed.

The said Dulce Rowena Laidley on the —— day of February, 1881, filed her bill in the circuit court of Kanawha county against said executrix, Wm. A. Quarrier, E. B. Knight trustee as aforesaid, and her said husband, alleging the foregoing facts, and also, that although she joined her husband in executing said note of one thousand and fifty dol-

lars, yet the same was his debt alone, and it was not her own debt in whole or in part; that while she joined in the execution of the supposed deed of trust to Knight to secure the same, yet the supposed deed of trust is wholly invalid and void as to her because she was not examined privily and apart from her husband, and did not acknowledge the supposed deed in the manner prescribed by law, and prayed that said Knight trustee and said executrix be forever restrained and enjoined from selling her said property; that said trust-deed may be declared void, and for general relief. A preliminary injunction was awarded her on the 5th of January, 1881, which became effectual by the execution of the required bond. Both of said deeds with their several acknowledgments and endorsements of recordation were made parts of the bill, and copies thereof were filed as exhibits by the plaintiff. None of the defendants appeared to the bill, and the same was regularly taken for confessed against all the defendants.

On the 7th day of April, 1882, the court heard the cause, wholly dissolved the plaintiff's injunction, held valid the said acknowledgment of said deed of trust to E. B. Knight as a substantial compliance with the statute in that case made and provided, and deeming it proper for the court to execute the trust, directed the trustee Knight to proceed to execute the said deed of trust, and referred the cause to a commissioner to ascertain the amount of unpaid taxes charged and chargeable on the parcels of land, &c.

From this decree an appeal and *supersedeas* were allowed the plaintiff by this Court.

*C. E. Doddridge* for appellant.

*Knight & Couch* for appellee.

WOODS, JUDGE:

It is unnecessary to consider all the errors assigned by the plaintiff. Two questions meet us at the threshhold demanding our consideration; if these be determined in favor of the plaintiff, all other questions discussed by her counsel become immaterial.

Whatever rights the executrix of Edward C. Burton may be supposed to have, for the security of her debt, must depend upon the validity of the deed of trust to the defendant Knight; and this in turn depends upon the validity of the deed made by Alexander T. Laidley and wife on June 23rd, 1866.

It is apparent that all the property mentioned in both of said deeds, was the property of the appellant. It is equally clear that the appellant and her husband, on June 23rd, 1866, intended to vest the legal title to all of her estate in Wm. A. Quarrier to hold the same for her sole and separate use from the debts, control or liabilities of her husband, and that thenceforth he was to have no interest in, or control over it, except in so far, as certain privileges were granted him by said deed, which we need not consider. The trustee Quarrier was to hold the legal title for her sole use, and was bound to convey, and could only convey, whenever, and to whom, and for such uses, and upon such trusts, as the appellant might request in writing, signed by herself and attested by one respectable witness.

If the deed to the said Quarrier was valid, then it becomes wholly immaterial whether the said deed of trust to Knight was executed by the appellant and her husband or not, provided only that she requested said Quarrier in a writing signed by her, and attested by one respectable witness, to execute the said deed of trust to secure said debt, and that in pursuance of such request he did execute the same, for in that case, as was held by this Court in *Norvell* v *Hedrick,* 21 W. Va. 523, the deed of trust to Knight by Quarrier, under said power to convey from appellant and her husband, would operate as a grant from *themselves,* and it *would* be wholly unnecessary for them to join said Quarrier in the execution of said deed of trust to Knight.

Was the deed of the 23d of June, 1866, a valid deed, and did it effectuate the intention of the grantors and vest the legal title to said lands in the said Quarrier, for the uses therein mentioned? Being the real estate of the wife, does the certificate of her acknowledgment of this deed, show that all the requisites of the statute in that case made and provided, have been substantially complied with? What are

these requisites? · 1st. That she must appear before the proper officer; she must be by him examined privily and apart from her husband; the deed must be fully explained to her; then she must acknowledge the deed to be her act; she must then make *two* declarations, viz: that she had willingly executed the same; and that she does not wish to retract it; and all this must be reduced to writing and certified by the officer taking the same, either on the deed or annexed thereto, and recorded with the deed. All of these things are absolutely necessary before a married woman can pass the title to her real estate, and the certificate of the officer who took the acknowledgment must show on its face that every one of these things has been substantially done, and if the certificate fails to show they have been done, it matters not that they have in fact been done, for the deed will nevertheless be void as to her. The *first in order and the first in importance* is, that the wife shall be examined *privily and apart from her husband,* and all the other essential acts must be done, while she is thus separate and apart from her husband; and it must appear from the certificate of the officer who took the acknowledgment, that every one of these acts was done, *while the wife was being examined privily and apart from her husband,* and unless it does so appear her acknowledgment will be insufficient to convey her title.

The first certficate appended to the deed of the 23d of June, 1866, while good as to Alexander Laidley, was clearly insufficient as to his wife. The certificate of the acknowlment of said deed made by the appellant on the 27th day of August, 1873, shows that while she was being examined separate and apart from her husband the deed was fully explained to her, and that she declared she had willingly signed, sealed and delivered the same, and did not wish to retract it, but it does not show that she acknowledged it after it had been fully explained to her, and when she was being examined privily and apart from her husband. For aught that appears she may have acknowledged it in the presence of her husband, and before she understood or was informed what was the meaning of the deed, or what effect it would have upon the title to her lands. This whole question has been fully considered by this Court in the cases of *McMullen* v.

*Eagan,* 21 W. Va. 233, and in *Watson* v. *Michael, Ib.* 568. In the first of these cases the certificate of acknowledgment showed that the husband and wife *together acknowledged* the deed, and although it showed that the wife was examined privily and apart from her husband, and had the deed fully explained to her, and that she declared she had willingly executed the same, and wished not to retract it, yet this Court upon a full review of all the authorities held, that because the certificate failed to show that she acknowledged the deed while she was being examined privily and apart from her husband, and after the deed was fully explained to her, her acknowledgment was insufficient, and the deed inoperative to convey her lands; and Judge Green, in delivering the opinion of the Court, says: "The language of section 4 of chapter 73 of the Code of West Virginia, seems clearly to indicate that the privy examination of the wife, separate and apart from her husband, and the full explanation of the deed to her must *precede* the *acknowledgment* of the deed by *her.*" In the case of *Watson* v. *Michael,* Judge Johnson, delivering the opinion of the Court, says: "The first requirement is, that the wife shall be examined privily and apart from her husband touching the execution of the deed. While she is undergoing this private examination *four* things are by the statute absolutely required. First, *the deed must be fully explained to her.* After it has thus been fully explained to her, she must *then acknowledge* it. After this she must make two declarations. First, that *she had willingly executed the same;* and the second, that *she does not wish to retract it.* All these things must appear in the certificate." We are therefore of opinion that the certificate of the acknowledgement of the appellant to the deed of June 23rd, 1866, is fatally defective, and that the said deed is inoperative to convey to the said Quarrier her title to the lands therein mentioned.

It follows therefore that the said Quarrier, by the execution of the deed of trust to E. B. Knight, at the written request of the appellant, conveyed to him no title to the two parcels of land therein mentioned. But as we have seen, that the appellant on the 12th day of January, 1875, was still the owner of said two parcels of land, it was competent for her and her husband on that day, to execute the said deed

of trust to Knight, to secure the payment of the one thousand and fifty dollars due the executrix of Edward C. Burton. The fact that Quarrier who had no title joined with them in said deed, would not impair its force or effect. Is the appellant bound by this deed? Here again she insists she is not bound, because the certificate of her acknowledgment to this deed is insufficient to pass her title to the two parcels mentioned therein.

Here the certificate is precisely like the certificate in *McMullen* v. *Eagan*, *supra*. The acknowledgment is made by the appellant and her husband *jointly*, and although it appears in the same certificate, that " being examined privily and apart from her husband, and having the deed fully explained to her, she declared she had willing signed, sealed and delivered the same, and did not wish to retract it, yet it does not appear, that she acknowledged the same, while she was being examined privily and apart from her husband, and after the same had been fully explained to her, and for these reasons we are of opinion that the said certificate of acknowledgment is also fatally defective, and that the said deed of trust of Knight is inoperative to convey to him the title of appellant to the two parcels of land therein mentioned. We are further of opinion that the decree of the circuit court of Kanawha county, rendered in this cause on the 7th day of April, 1882, is erroneous and must be reversed, with costs to the appellant.

And this Court now proceeding to render such decree as the said circuit court ought to have rendered, it is adjudged, ordered and decreed, that the said deed of trust dated the 12th day of January, 1875, to E. B. Knight, trustee, to secure to Helen M. Burton, executrix of Edward C. Burton, deceased, the sum of one thousand and fifty dollars, is, as to the appellant, Dulce Rowena Laidley, inoperative and void, and that the injunction heretofore awarded to the appellant restraining and enjoining the said E. B. Knight and Helen M. Burton, executrix of Edward C. Burton, from selling the said parcels in said deed of trust mentioned and described, be, and the same is hereby, made perpetual, and that the said Helen M. Burton, executrix as aforesaid, out of the assets of her testator in her hands to be administered do

pay to the appellant her costs by her about the prosecution of her suit in the said circuit court, and in this Court expended.

REVERSED.