# CHARLESTON.

## LAIDLEY *v.* LAND CO.

| | |
|---|---|
| 30 | 505 |
| 32 | 136 |
| 32 | 603 |
| 33 | 524 |
| 33 | 641 |
| 30 | 505 |
| 36 | 361 |
| 36 | 800 |
| 30 | 505 |
| f63 | 382 |
| 30 | 505 |
| 66 | 262 |

Submitted June 17, 1887.—Decided November 26, 1887.

1. HUSBAND AND WIFE—CONVEYANCE TO WIFE—SEPARATE ESTATE.

Where, by deed, land was conveyed directly to a married woman, prior to the adoption of the Code of 1868 of this State, such conveyance did not create in her a separate estate. (p. 507.)

2. HUSBAND AND WIFE—CONVEYANCE TO WIFE.

Under such conveyance, the husband became entitled to a freehold estate in the land, which would continue at least during the joint lives of the husband and wife, with remainder in fee in the wife. (p. 509.)

3. EJECTMENT—TITLE TO SUPPORT.

In actions of ejectment, where both the plaintiff and defendant derive title from the same third person, the rule is well settled that it is *prima facie* sufficient for the plaintiff to prove such common derivation of title, without proving that such third person had title to the land in controversy. (p. 509.)

4. EJECTMENT—EVIDENCE.

In such case, the plaintiff may introduce in evidence the title under which the defendant claims, without impairing his right to question the legal effect of such evidence. (p. 509.)

5. CERTIFICATE OF ACKNOWLEDGMENT—MARRIED WOMAN.

The fourth point in the syllabus of the case of *Blair* v. *Sayre*, 29 W. Va. 604, 2 S. E. Rep. 97, approved and reaffirmed. (p. 510–18.)

6. CERTIFICATE OF ACKNOWLEDGMENT.

A certificate of the privy examination of a married woman in the following words, (omitting the descriptive portion,) and the wife, "being examined by me [the justice] privily and apart from her husband, and having the deed aforesaid fully explained to her, she acknowledged that she had willingly signed, sealed and delivered the same, and wished not to retract it," *held* to be fatally defective, because it does not show that the wife *both acknowledged* the deed *and declared* that she had willingly executed the same. (p. 511–18.)

*J. D. Laidley* and *J. H. & J. F. Brown* for plaintiff in error.

*J. H. Ferguson* and *Simms & Enslow* for defendant in error.

SNYDER, JUDGE:

Writ of error to a judgment pronounced December 22, 1884, by the Circuit . Court of Cabell county, in the case of John B. Laidley against the Central Land Company, a domestic corporation. The action is ejectment, and was commenced in April, 1882, to recover the possession of 240 acres of land in the city of Huntington, Cabell county, in which the plaintiff claims an estate in fee. There was a trial by jury on the issue of not guilty, and a verdict and judgment for the defendant. The plaintiff obtained this writ of error. Of the errors assigned by the plaintiff in error it is only necessary to notice the two following: *First*, that the court erred in admitting certain evidence offered by the defendant; and, *second*, that it erred in refusing to give the instruction asked for by the plaintiff. All the evidence introduced on the trial is certified in the record, from which these facts appear: By deed dated August 18, 1865, Rebecca J. Everett conveyed to Sarah H. G. Pennybacker, in fee, the land in controversy. Before and at the date of this deed, the said Sarah was the wife of John M. Pennybacker, and so continued to be until the death of the latter, which occurred May 5, 1881. After the death of her husband, the said Sarah, by deed dated January 26, 1882, conveyed said land in fee to the plaintiff. This constitutes the documentary evidence of the plaintiff's claim of title. The defendant's claim of title is as follows: A deed, dated February 25, 1870, duly signed and sealed by said John M. Pennybacker and Sarah, his wife, purporting to convey said 240 acres of land to C. P. Huntington, in fee, with covenants of general warranty of title; and a deed from said Huntington to the defendant, the Central Land Company, for said land, dated October 16, 1871. At the date of the deed from Pennybacker and wife to Huntington, the latter was placed in possession of said land, and when Huntington conveyed to the defendant he placed it in possession of the land, and the said Huntington and the defendant have had and held the exclusive, actual possession of the land, claiming it in fee under their respective deeds aforesaid. The defendant also claims some interest in this land by virtue of a certain deed from Albert Laidley and wife to Huntington, and by

deed from Huntington to the defendant; but as to that interest, whatever it may be, there is no controversy in this Court, and therefore it will not be considered by us on this writ of error.

1. In July, 1872, Mrs. Pennybacker brought a suit in equity against her husband and others, in the Circuit Court of Cabell county, to have the purchase-money paid for the 240 acres of land now in dispute declared to be her separate estate. In her bill she alleges that said land had been paid for by her father, and conveyed to her by Rebecca J. Everett by the deed hereinbefore mentioned, dated August 18, 1865. She claims that she held said land as her separate estate, and is entitled to hold the proceeds arising from the said sale thereof to her own separate use, free from the control or debts of her husband. In this suit a decree was entered, granting substantially the relief prayed for by the bill. The record of this suit was offered in evidence in this case by the defendant, and the plaintiff objected; but the court overruled the objection, and allowed the said record to be read, and the plaintiff excepted. This action of the court is here assigned as error. The only purpose for which said record could be used in this action would be to show that the land now in controversy was the separate estate of Mrs. Pennybacker, and thus subject her, and those claiming under her, to the bar of the statute of limitations, regardless of her coverture. Section 3, ch. 104, Code. Whether or not Mrs. Pennybacker had a separate estate in the land could only be determined from the deed which conveyed to and vested in her the title to the land. This was the deed from R. J. Everett to her, which was already in evidence. This deed was made in 1865, before our statute (Code, ch. 66) authorizing the vesting of a *legal* estate in land in a married woman. The land was not conveyed to a trustee for the use of Mrs. Pennybacker, but to her directly. This conveyance, by the law then in force in this State, immediately upon its taking effect, vested in the husband of Mrs. Pennybacker at least an estate for the joint lives of the husband and wife, with a remainder in fee in the wife. *Laughlin* v. *Fream*, 14 W. Va. 322; *Dejarnette* v. *Allen*, 5 Grat. 499, 513; 1 Minor Inst. 311, 312. It is, therefore, very clear

that this record was not relevant evidence in this case for any purpose, and consequently the court erred in admitting it.

2. The important question, and the one principally discussed and relied on by the plaintiff in error in this Court, is the ruling of the court on the instruction to the jury. The said instruction, which was requested by the plaintiff, is as follows: "The court instructs the jury that the deed executed by J. M. Pennybacker to C. P. Huntington, bearing date the twenty fifth day of February, 1870, offered in evidence by the plaintiff, and purporting to be also signed by S. H. G. Pennybacker, and purporting to be also acknowledged by Sarah H. G. Pennybacker, wife of the said John M. Pennybacker, is a good deed for the purpose of conveying the interest of John M. Pennybacker in the lands therein mentioned. And the court also instructs the jury that if they find from the evidence that the said Sarah H. G. Pennybacker, at the time of the execution and acknowledgment of said deed, was the wife of the said John M. Pennybacker, then the said deed is not valid, so far as it purports to be her deed, and does not convey any interest she may have had in said land, and cannot operate against her or her grantees by way of estoppel." The court gave the first clause of said instruction; but, upon objection by the defendant, refused to give to the jury the second clause, including all that part following the words "therein mentioned." The defendant in error contends that because the plaintiff below put the deed in evidence to which the certificate of acknowledgement referred to in the instruction relates, he cannot question or impeach said certificate. I do not think there is anything in this contention. It is true, the plaintiff did offer this deed and certificate thereon in evidence, but when he did so he stated that he would thereafter ask the court to instruct the jury as to the legal effect of the deed. But I am not certain that it was at all necessary to accompany the introduction of the deed with such statement. It seems to me he would have been entitled to have the court pass upon the legal effect of the deed if he had offered it in evidence without any reservation. The facts before stated show that both the plaintiff

and the defendant claim title to the land in controversy under the same derivation of title. They both claim under Mrs. Pennybacker as their common grantor. It is a well settled rule in actions of ejectment that, where both the plaintiff and defendant claim under the same third person, it is *prima facie* sufficient for the plaintiff to prove such common derivation of title, without proving that such third person had title. 2 Greenl. Ev., § 307; *Hannon* v. *Hannah*, 9 Gratt. 146; *Bolling* v. *Teel*, 76 Va. 487; 2 Minor Inst. 869; *Newlin* v. *Osborne*, 2 Jones (N. O.) 164; *Wortham* v. *Cherry*, 3 Head 468. It being thus proper for the plaintiff to prove a common source of title, it follows necessarily that he may introduce the title under which the defendant claims in order to show that he derived his title from the common source. *Bedford* v. *Urquhart*, 8 La. 239, 28 Amer. Dec. 137; *Royston* v. *Wear*, 3 Head 8. Both upon principle and authority, it seems to me that the plaintiff here had the right to introduce the deeds under which the defendant derived title, without in any manner impairing his right to question the legal effect of such deeds. In fact, generally, when a common origin of title is established, the only question which can arise is the validity or legal effect of the deeds under which the respective parties claim.

The certificate of acknowledgment referred to in the instruction, and which is immediately preceded by a proper acknowledgment of the deed by the husband, John M. Pennybacker, on the same day and before the same officer, is as follows: " *State of West Virginia, County of Cabell.* Personally came before me, the undersigned recorder of the county and State aforesaid, Sarah H. G. Pennybacker, wife of the above-mentioned John Pennybacker, and party to the foregoing deed, and being examined by me privily and apart from her husband, and having the deed afore-said fully explained to her, she, the said Sarah H. G. Pennybacker, acknowledged that she had willingly signed, sealed, and delivered the same and wished not to retract it." A comparison of this certificate with that in *Blair* v. *Sayre*, 29 W. Va. 604, 2 S. E. Rep. 97, will show that, if the words " executed the same, and does not wish to retract it," are substituted for the words " signed, sealed, and de-

livered the same, and does not wish to retract it," the two certificates will be identical in language and effect.. The words here quoted show that those used in *Blair* v. *Sayre* are more like the language of the statute than are the words of the certificate in this case; and this Court unanimously held the certificate in the former case fatally defective. This decision so unanimously made on a question distinctly presented and fully considered by the Court, ought to be, and ordinarily would be, held conclusive upon this Court in subsequent cases presenting the same point; but the counsel for the defendant in error here earnestly insist that that decision is a plain departure from the law of this State, as settled by a long and unbroken line of decisions, both in the appellate courts of Virginia and this State, and therefore they ask us to reconsider and overrule that decision, in view of the great mischief that may result from it. Notwithstanding the fact that most of the cases relied on by counsel to impeach that decision were considered and reviewed in the opinion in that case, we have concluded that the importance of the question, and the very earnest and elaborate arguments of counsel, are sufficient to justify us in reviewing that decision, and ascertaining whether or not it is either unsound in principle or in conflict with the decision theretofore made in Virginia and this State.

The certificate here is dated February 25, 1870, and is, therefore governed by our Code of 1868. The fourth section of chapter 73 of said Code provides, that when a husband and wife have signed a writing purptoring to convey real estate, the wife may appear before the recorder or other officer therein designated, " and if, on being examined privily and apart from her husband, by such recorder (or other officer), and having such writing fully explained to her, she acknowledge the same to be her act, and declars that she has willingly executed the same, and does not wish to retract it, such *privy examination, acknowledgment, and declaration* shall then be recorded," etc. And in order that there may be no excuse for the failure to fully carry into effect the commands of this statute, the form of the required certificate is given in the statute, using the identical words above quoted. This statute, it will be observed, is impera-

tive in its commands, and requires two things to be done by the officer: (1) The privy examination of the wife by him; and (2) the full explanation of the deed by him to the wife, during such privy examination. And it requires three separate and distinct things to be done by the wife during her privy examination: (1) Her acknowledgment of the deed to be her act; (2) her declaration that she had willingly executed the deed; and (3) her declaration that she does not wish to retract it. Conceding that the words "signed, sealed, and delivered the same, and wished not to retract it," found in the certificate of Mrs. Pennybacker, are the equivalent of the words "executed the same and does not wish to retract it," used in the statute, an analysis of the certificate will show that it contains only the following requirements of the statute: (1) The privy examination of the wife by the officer; (2) the full explanation of the deed by him to her. And of the things required to be done by the wife: (1) Her acknowledgment that she had executed the deed; and (2) that she wished not to retract it. Thus it will be noticed that the certificate wholly omits the important requirement,—her declaration that she had executed the deed. Or, if it be claimed that the word "acknowledge" should be interpreted to mean ": declared," then it will be shown that the essential requirement that she acknowledged the deed is wholly omitted. It will not be contended, I apprehend, by any one, even according to the most liberal construction of this statute, that any court would be justified in holding a certificate which wholly omitted either of these requisites a substantial compliance with the statute. That such omission would be fatal, appears not only from the fact that the statute positively requires the insertion of both of them in the first place, but in a subsequent portion of the statute it in direct terms repeats that "such *privy examination, acknowledgment and declaration* shall be recorded," etc. Here both of these requirements are not only inserted as separate, different, and distinct from each other; but that that fact, and the absolute importance of both of them, might be emphasized, the statute repeats them as separate and different provisions, and connects them by the conjunctive word "and."

It seems to me, therefore, that by no fair or recognized rule of construction can either of these positive provisions of the statute be wholly omitted, without making the certificate fatally defective; and for the same reasons it would be wholly inadmissible, and do equal violence to the settled rules of construction, to attempt to blend these two provisions into one, and thereby make the word "acknowledge" perform the double office and incongruous duty of standing for itself and the word "declared."

So much upon reason and the interpretation of the statute. It is contended, however, that this interpretation of the statute is in positive conflict with the settled law, as established by the uniform course of the decisions in Virginia and this State. All the Virginia decisions referred to by the counsel for the defendant in error on this point, excep t I believe, two, are cited and commented upon by this Court in *Blair* v. *Sayre, supra.* These two are *Hairston* v. *Randolphs*, 12 Leigh 445, and *Grove* v. *Zumbro*, 14 Grat. 501. I shall now notice the cases relied on by the defendant in error, beginning with *Langhorne* v. *Hobson*, 4 Leigh 224, decided in 1833, under the statute of 1792. The statute required that the wife, on being examined privily and apart from her husband, "shall declare that she willingly signed and sealed the said writing, then to be shown and explained to her by them, (the commissioners,) and consenteth that it may be recorded;" and that the commissioners shall certify "such privy examination by them, and of such declaration made and consent yielded by her." The certificate in this case stated that the wife had been examined privily and apart from her husband; that she acknowledged the deed to be her act, and declared she did the same freely and voluntarily; also relinquished her right of dower in the land mentioned in the said deed, and was willing that the deed should be recorded. It will be seen that here there was not only a substantial, but almost a literal, compliance with the statute, which, it will be seen, simply required the certificate to show the privy examination, the declaration, and the consent of the wife. In this case no opinion was given, and what appears is merely the statement of the reporter.

The next is *Tod* v. *Baylor*, 4 Leigh 498, and was also a

construction of the aforesaid act of 1792. The certificate showed the privy examination, the acknowledgement that the deed was free and voluntary, and that the wife was willing the same should be recorded. Carr, J., in his opinion in this case, says : "It was contended strongly that the certificate must state also that the deed was shown and explained to the *feme ;* but this seems to me to be adding to the requisitions of the law. It is clear that the commissioners are directed to show and explain the deed to her, on her privy examination ; but this need not be certified, for the law expressly limits the certificate to the privy examination, the declaration, and the consent." 4 Leigh 508.

The next is *Hairston* v. *Randolphs,* 12 Leigh 445. This case was decided in 1841, under the statute of 1814. The form of the certificate given in this statute is the same as our present statute, before given, except that for the words " executed the same, and does not wish to retract it," in the latter, the words " signed, sealed and delivered the same, and wished not to retract it," are substituted in the act of 1814. The certificate in this case stated that the wife " personally appeared before us, and separately and apart from her husband, and acknowledged that she had willingly executed the said deed on her part and wished not to retract it." This certificate was held to be fatally defective both by the court below and the appellate court. In delivering the opinion of the latter court, Allen, J., says : "The certificate of the justices must show that the *feme* personally appeared before them ; that she was examined privily and apart from her husband, and, having the deed fully explained to her, she acknowledged it to be her act and deed, and declared she had willingly signed, sealed and delivered the same, and that she wished not to retract it. It is conceded that though the form of the certificate is given, if it is to the same effect, though not in the same words, it is sufficient. But the certificate must show that everything was done which is required by the law to be done." *Hairston* v. *Randolphs,* 12 Leigh 459.

The next case is *Sister* v. *McClanachan,* 2 Grat. 280, which was decided under the Code of 1819, by three judges, one of whom delivered an opinion, in the conclusion only of which
65

one of the others concurred, and the third dissented. The certificate in this case, according to all the previous Virginia cases, was fatally defective. All that appears, either in the arguments of counsel or the opinion as reported, in regard to this certificate, is in the opinion, where Baldwin, J., says: "There is no substance, I think, in the objection taken to the certificate by the justices of the privy examination of the *feme*. They certify that she was examined 'separately and out of the hearing of her husband.' This I consider equivalent to the words used in the form given by the statute, 'privily and apart from her husband.'" This, however, was not the real objection to this certificate, which is quoted in full in *Blair* v. *Sayre*. But for the reasons given in that case, as well as the facts here stated, I do not consider that case as an authority against the decision of this Court in *Blair* v. *Sayre, supra.*

The only other Virginia case relied on by the counsel for the defendant in error is *Grove* v. *Zumbro*, 14 Grat. 501, decided in 1858, under section 15, ch. 99, 1 Rev. Code 1819. The syllabus in that case is as follows: "The certificate of the court of the acknowledgement of a *feme covert* should show the privy examination of the wife; her declaration that she did freely and willingly seal and deliver the said writing, and wished not to retract it; *and that she then acknowledged said writing so again shown to her to be her act.* If it omits the fact 'that she did not wish to retract it,' it is fatally defective." This certificate was held bad both by the Circuit Court and Court of Appeals. In the opinion of the court in this case, Moncure, J., says: "At common law, a married woman is considered to be under the power of her husband, and can make no valid deed or other contract. The statute law enables her to convey her interest in real estate in a certain mode prescribed mainly with a view to protect her against the coercion, persuasion, or deception of her husband. It has long been held that the requisitions of the statute need not *literally*, but must *substantially*, be complied with. To demand a literal compliance with them would be necessarily to obstruct the alienation of property and throw a cloud over titles. To dispense with the substance *of any of them*, would be to deprive the wife of some

of those safeguards which the law has provided for her protection." *Grove* v. *Zumbro*, 14 Grat. 513.

I have thus referred in detail to all the Virginia cases relied on by counsel for the defendant in error, which have any material relevancy to the question under consideration, and none of them, at least so far as the points actually decided by them go, are at all in conflict with the decision of this Court in *Blair* v. *Sayre*, except *Siter* v. *McClanachan*, which, for the reasons before given, is not entitled to any serious consideration as an authority on the question here involved. There may be expressions of the individual judges in some of the opinions in these cases which, if detached and read without reference to the context and the facts in the particular case to which they refer, might seem to express views in some respects in conflict with the decision in *Blair* v. *Sayre ;* but they can not be considered as establishing any precedent for the guidance of any court as to any doctrine which is not consistent with everything decided in that case. There are two decisions by this Court, made prior to that of *Blair* v. *Sayre*, which, in my judgment, decided the very question involved in that case, and were therefore binding authorities for the decision in that case. They are *McMullen* v. *Eagan*, 21 W. Va. 233, and *Laidley* v. *Knight*, 23 W. Va. 735. The certificate in the first of these cases states that the husband and wife, whose names were signed to the deed, appeared before the officer, " and acknowledged the same to be their act and deed; and the said Mary F. Eagan, being by me examined privily and apart from her said husband, and having the writing aforesaid fully explained to her, she, the said Mary F. Eagan, declared that she had willingly executed the same and does not wish to retract it." And the certificate in the second case is in precisely the same form, except that in lieu of the phrase, "declared that she had willingly *executed* the same," this uses the words, declared that she had willingly *signed, sealed* and *delivered* the same." The only difference is the substitution of " signed, sealed and delivered " for the word " executed." In both of these cases, the certificates were held to be fatally defective, for the reason that they failed to show that the wife, *during the privy examination*, had *acknowledged* the

deed, as well as *declared* that she had willingly executed the same, and did not wish to retract it. Green, J., in delivering the opinion of the Court in the first case, says : " If the certificate, as in this case, shows that the deed was acknowledged by the husband and wife together, though it shows that there was a subsequent privy examination and a compliance with every other requisite of the statute, yet such certificate is fatally defective, and the deed is void so far as it operates to convey any interest of the wife; " citing *Allen* v. *Shortridge*, 1 Duv. 34, and *Dewey* v. *Campau*, 4 Mich. 565; *McMullen* v. *Eagan*, 21 W. Va. 245.

In the second case, Woods, J., in the opinion of the Court, after referring to the rule of law which requires all the provisions of the statute to be substantially complied with, says : "What are these requisites ? That she must appear before the proper officer; she must be by him examined privily and apart from her husband; the deed must be fully explained to her; then she must *acknowledge* the deed to be her act; *she must then make two declarations*, viz., that she had willingly executed the same, and that she does not wish to retract it. * * * All these things are *absolutely necessary*, before a married woman can pass the title to her real estate; and the certificate must show on its face that *every one* of these things has been substantially done; and if the certificate fails to show that they have been done, it matters not that they have in fact been done, for the deed will nevertheless be void as to her." *Laidley* v. *Knight*, 23 W. Va. 741.

In these cases it is expressly decided that the certificate, as to the wife, must not only show that she *acknowledged* the deed, but that she *declared* she had willingly executed the same, and that she did not wish to retract it. It must contain the acknowledgment and two declarations. Each of these are separate, different, and distinct requirements of the statute. They are matters of substance, and not form ; and therefore, unless the certificate shows upon its face that each and all three of them have been complied with, it is void as to the wife. In the case at bar, the certificate wholly omits at least one of these essential requisites; it simply certifies that Mrs. Pennybacker "acknowledged that she had

willingly signed, sealed, and delivered the same, and wished not to retract it." Here there is no declaration at all; yet the statute requires that there should be two declarations. If, as suggested by counsel for defendant in error, we take the word "acknowledged" to mean "declared," then this certificate will be, in form as well as in effect, just exactly what the certificates were in the cases of *McMullen* v. *Eagan* and *Laidley* v. *Knight*. In both of those cases the word "declared" was used, and the word "acknowledged" omitted. If, as contended in this case, these words are synonymous, and the use of the one should be construed as the equivalent of both, then the same could have been done in those cases, and the word "declared" ought to have been made to perform the offices of both the word "declared" and the word "acknowledged," yet this Court in those cases held that this could not be done, but the use of both words was essential and the omission of either was fatal. If *acknowledged* is held to take the place of *declared*, then the acknowledgment would be wholly wanting; and if it be held to mean *acknowledged*, then the declaration will be wholly wanting. Unless, therefore, it can be made to perform the functions of both words, one of the essentials of a valid certificate is wanting ; and, if we hold that it can perform this double function, we hold, in effect, that a full compliance with one of these two essential requisites of the statute is equivalent to a compliance with both. This would be, in effect, to eliminate one of the requirements of the statute, which all the decisions of the Appellate Court of Virginia and of this State hold can not be done.

In *Pickens* v. *Knisely*, 29 W. Va. 1, the certificate shows that the wife "being examined by me [the justice] privily, and apart from her husband, and having the deed fully explained to her, she [the wife] acknowledged the said writing to be her act, and declared she had willingly *acknowledged* the same, and did not wish to retract it." This Court held that the word "acknowledged," as here used, was the equivalent of the word "executed," and that, therefore, the certificate was a substantial compliance with the statute. It will be noticed that both the acknowledgment and the two required declarations are formal and complete in this cer-

tificate. I do not see that this case has any material bearing on the case before us, except that it sustains the doctrine that a substantial compliance with the statute is sufficient,—a doctrine which is conceded in all that has been said in this opinion.

My conclusion, therefore, is that, both upon reason and authority, the decision of this Court in *Blair* v. *Sayre* was right, and the principles therein announced are approved and reaffirmed. Upon the authority of that decision, and for the reasons hereinbefore given, I am of opinion that the certificate of acknowledgment of Mrs. Pennybacker to the deed dated February 25, 1870, and referred to in the instruction requested by the plaintiff, is fatally defective; and that, therefore, the Circuit Court erred in refusing to give to the jury the whole of said instruction, as requested by the plaintiff. For the reasons aforesaid, the judgment of said court must be reversed, the verdict of the jury set aside, and a new trial awarded.

REVERSED.  REMANDED.