# CHARLESTON.

## SINE *v.* FOX.

Submitted January 15, 1890.—Decided March 10, 1890.

1. DEED—HUSBAND AND WIFE—WARRANTY.

   Where a husband unites with his wife in a deed conveying with covenant of general warranty, land of the wife in which the husband has a freehold estate, the warranty in the deed will not bind the wife, but it will be obligatory on the husband alone.

2. DEED—WARRANTY—DEFICIENCY IN QUANTITY OF LAND.

   When a vendor sells a tract of land at a specified price without specifying in the written contract of sale the quantity of land sold and binds himself to make a good deed to the purchaser therefor ; and he afterwards conveys the land by deed with general warranty describing the tract giving metes and bounds and as containing a fixed number of acres, more or less ; and it is shown by parol proof that at the time of the sale the vendor represented the tract as containing the number of acres mentioned in the deed and that on the faith of this representation the vendee made the purchase, and it subsequently is discovered that the quantity conveyed is materially less than that specified in the deed, the vendee will, in the absence of proof that the sale was one of hazard, be entitled in a court of equity to compensation for the deficiency in the land.

*Berkshire & Sturgiss* for appellant.

*P. H. Keck* for appellee.

SNYDER, PRESIDENT :

On March 7, 1876, Andrew M. Fox and William N. Sine entered into a written contract by which Fox sold and agreed to convey to Sine a "certain tract or parcel of land on the waters of Jake's run, near Mooresville, owned by C. A. Fox and Andrew M. Fox, and a half interest in the wheat on said farm owned by said Fox, for the sum of $3,500.00." Of this sum $1,000.00 was payable April 1, 1876, and the residue in yearly payments of $500.00 each, the last payment falling due on April 1, 1881. Sine was put in possession of the land and he paid for the same in full according to the terms of his said contract of purchase. By deed dated April 1, 1876,

the said Andrew M. Fox and Cassander A. Fox, his wife, conveyed to said Sine the said land with covenant of general warranty, setting out in the deed the metes and bounds of the land and stating the quantity to be 101 acres, more or less.

In September, 1885, the said Sine filed his bill in the Circuit Court of Monongalia county, the said Andrew M. Fox and Cassander A. Fox, his wife, in which county the said land is situated and wherein all the parties reside, alleging the foregoing facts, and averring in addition thereto that by a recent survey he had discovered that said tract of land instead of 101 acres contained only seventy five or seventy six acres, showing a deficiency of about twenty five acres or one fourth of the whole area; that at the time of his purchase the said Fox represented that the tract contained 101 acres, but he (Fox) would call it 100 acres and make the price $3,500.00, being $35.00 per acre, which was the full value of the land; that in making said purchase he believed the tract contained 101 acres, and that he implicitly relied upon the representation of said Fox as to the quantity and number of acres in said tract. The bill prays that the defendants may be compelled to account for and pay to the plaintiff the value of the deficiency in said land, and for general relief.

There was a demurrer to this bill which the Court sustained and thereupon the plaintiff filed an amended bill wherein, in addition to the matters in his original bill, he averred that the contract between him and said Fox was a sale and purchase of said land by the acre at the price of $35.00 per acre, and not a sale in gross; that said land belonged to the wife of said Fox, the same having been conveyed to her as a part of her deceased father's estate, that said Fox received the money for said land and invested it in other lands, for the benefit of his wife and that she is the owner of other lands which are described in the bill, and prays that the defendants may be compelled to pay him the value of the deficiency in said land, and if necessary the separate estate of the female defendant may be liable for the same, and for general relief.

Each of the defendants answered the bill, but in the view we take of this controversy it is unnecessary to notice the answer

of the female defendant. The defendant Andrew M. Fox by his answer admits that the sale of the land was made to the plaintiff as alleged in the bill, but he denies that the sale was by the acre or that he represented that the tract contained 101 acres or any other specific quantity, that neither he nor his wife knew the number of acres in the tract, that the plaintiff who lived near said land, was much more familiar with it than the defendants, who resided several miles from it; that defendants regarded said tract worth $3,500.00; that they sold it as a tract for that price, and neither of them would have sold it for a less price regardless of the quantity it contained; that the quantity was not in contemplation of the parties and did not enter as an element into said contract, except as a body or parcel of land in bulk or in gross. This defendant further avers that he had nothing to do with the sale of said land, except so far as he acted as agent or representative of his wife, to whom said land belonged as her separate estate.

Depositions were taken by both the plaintiff and defendants and defendants filed exceptions to the depositions of the plaintiff. On February 17, 1888, the cause was heard and the court sustained the exceptions to the plaintiff's depositions, and entered a decree dismissing the plaintiff's bill. It is from this decree that the plaintiff has appealed to this Court.

The first error assigned is, that the court erroneously sustained the exceptions to the plaintiff's depositions. The plaintiff took and filed the depositions of several witnesses, who testified that shortly after the sale to the plaintiff the defendant, Andrew M. Fox, told them that he had sold said land to the plaintiff at $35.00 per acre, and that he said the tract contained 101 acres. The defendants excepted to this evidence upon the ground, that the said Fox was not the owner of the land but only acted as the agent of his wife in making the sale, that consequently his declarations made either before or after the sale were incompetent and could not affect his wife. If the fact assumed by the exception was true; that is, if Fox had no interest in the land and had effected the sale simply as the agent of his wife, then the court properly sustained said exception, upon the well settled

rule that the declarations of an agent do not bind or affect his principal unless they use a part of the *res gestae*. But the facts in this case plainly show, that the defendants intermarried in the year 1862, before the adoption of the Code of 1868 of this State permitting the wife to take and hold lands as her separate estate. By the law of this state as it existed before April 1, 1869, the husband by the marriage acquired a freehold estate in the lands of his wife and the right to the use and possession thereof at least during the joint lives of the husband and wife. *Laidley* v. *Land Co.*, 30 W. Va. 505. In addition to this, both the written contract and the deed by which this land was transferred to the plaintiff were executed by Andrew M. Fox in his own right and not as agent of his wife who executed the deed for herself. Moreover, the said deed contains a covenant of general warranty, which by the express terms of our statute is inoperative and of no effect against the wife. Sec. 6, chap. 73 Code. If therefore we hold that the said Andrew M. Fox is not bound by this covenant, then said covenant can have no effect or purpose. All the facts as well as the form of the transaction show that the said Fox held an interest in said land, and that in making the sale and conveyance of the title he acted for himself and in his own right and not as agent for his wife, who acted for herself in conveying the same to the plaintiffs. This conclusion establishes two facts in this cause, *first*, that Cassander A. Fox, the wife, an improper party to this suit, for the reason that no relief could be decreed against her, and, *second*, that the declarations of said Andrew M. Fox testified to by the witnesses in this cause were admissible evidence and the Circuit Court erred in excluding the same.

Taking the facts proved by all the evidence in this case, it is very clear that the plaintiff is entitled to the relief prayed in his original bill. While, according to the decisions of this Court, the sale here can not be regarded as a sale by the acre, it is plainly a sale in gross of a specified quantity of land. Where a vendor by deed, for an entire sum, conveys a tract of land by metes and bounds, stating therein the quantity, this on its face is a sale in gross and not by the acre; but as the specification of the quantity, without any qualifying words renders the deed ambiguous as to whether it was

or was not intended that the vendor should warrant that there was that quantity, the Court will admit parol evidence of the circumstances surrounding the parties and their situation at the time of the sale, and also their subsequent conduct in carrying it into execution. *Hansford* v. *Coal Co.,* 22 W. Va. 70; *Creslip* v. *Cain,* 19 W. Va., 438; *Anderson* v. *Snyder,* 21 W. Va. 632.

In *Kelley* v. *Riley,* 22 W. Va. 247, this Court held as follows: "Where a person has made a sale of land in gross, at a specified price, upon an unqualified statement that it contains a definite quantity, or specified number of acres, it will be held *prima facie* that the vendee was influenced to pay or agree to pay the price specified because of such statement, and if it is afterwards established that there is a deficiency in quantity in excess of what may be rightfully attributed to the usual inaccuracies in surveying, the vendor, in the absence of all other proof, will be presumed to have committed a fraud on the rights of the vendee by such statement of the quantity, and a court of equity will for this reason grant relief to the vendee for such deficiency." See to the same effect, *Depue* v. *Sergent,* 21 W. Va. 326.

The plaintiff testified positively that the defendant Andrew M. Fox represented at the time of the sale that the tract contained 101 acres, and that on the faith of this representation and the belief that it was true he made the purchase. And the said Fox does not contradict this statement, but substantially admits its truth; for in answer to the inquiry as to what, if anything, was said, at the time of the sale, as to the quantity of land, he testifies: "Well, we supposed there was 101 acres in the tract according to Mr. Price's survey and calculation of the land. Mr. Sine was satisfied with it. There was nothing said about any given price per acre." In addition to this a number of witnesses testify, that soon after the sale Fox told them that the tract contained 101 acres and that he sold it for about $35.00 per acre.

Upon the whole case, therefore, it seems to me, that the plaintiff is entitled to compensation for the deficiency in the land purchased by him. But as no decree can be rendered against the female defendant the bill should be dismissed as to her, and relief granted against the male defendant alone,

The decree of the Circuit Court is, therefore, reversed and the cause remanded for further proceedings in accordance with the principles announced in this opinion.

REVERSED.   REMANDED.