# Richmond.

## HOCKMAN v. McCLANAHAN.

### (Two cases.)

### November 6th, 1890.

87 .33
88 118

87 33
s96 393

87 33
97 561
97 563

87 33
o101 776

87 33
106 247

87 33
e109 773
109 774

1. DEED—*Married Woman's Acknowledgment—Certificate—Requisites.*—Certificate of *feme covert's* acknowledgment of deed must comply substantially with every requisite of the statute—her examination must be privy, and the deed must be explained to her; and then she must (1) acknowledge the deed to be her act; (2) declare she willingly executed it, and (3) does not now wish to retract it.

2. IDEM—Certificate must show that the privy examination preceded the wife's acknowledgment, and a certificate that husband and wife acknowledged the deed, and *then* that the wife, being privily examined and having the writing explained to her, " declared that she had willingly executed the same, and does not wish to retract it": *held*, insufficient.

3. IDEM—*Impeachment of Certificate.*—An officer who has taken an acknowledgment cannot contradict his own certificate, and testify that the husband used fraud and coercion towards his wife.

Argued at Staunton. Decided at Richmond.

Appeal from decree of circuit court of Shenandoah county, rendered November 24th, 1888, wherein the appellants, W. D. Hockman and others, are complainants, and Thomas McClanahan and others are defendants. Opinion states the case.

*John E. Roller*, for the appellants.

*W. R. Alexander*, and *Walton & Walton*, for the appellees.

Lacy, J., delivered the opinion of the court.

These cases are as follows: One Rebecca McClanahan, now deceased, and under whom the appellants in both suits claim the lands in controversy, as her next of kin and heirs-at-law, and who was the wife of the appellee, Thomas McClanahan, who is the appellee in both suits, was, on the 8th day of June, 1872, entitled to certain interests in the lands in controversy, and on that day conveyed certain interests in the said lands to one Samuel McClanahan, the brother of the said Thomas, which interests are described by the said Rebecca and Thomas as "all their right, title, and interest in and to the lands to which the said Rebecca McClanahan is entitled as one of the children of Christian Hockman, deceased, and as one of the heirs of Samuel M. Hockman, deceased, lying and being in the said county of Shenandoah"; and the same was *instanter* reconveyed by Samuel to the said Thomas.

And on the 27th day of February, 1874, the said Rebecca having acquired other interests in these same lands by the death of her brother, Joseph Hockman, on that day she conveyed the same, along with her husband, the said Thomas, to one Harrison Crabill, describing the same as "all the right, title, and interest of the said Rebecca McClanahan in and to the lands whereof her brother, Joseph Hockman, died seized and possessed, lying and being in said county, on and near the North Fork," &c., which, in like manner as before, was reconveyed *instanter* by the grantee, Harrison Crabill, to the said Thomas, the husband, the object of each deed being to vest the title to the wife's lands in the husband, Thomas McClanahan, the appellee.

The said Rebecca McClanahan having in the meantime died, in December, 1887, the bills were filed in these suits, the plaintiffs (the appellants here) suing as the next of kin and heirs-at-law of Rebecca McClanahan, above named, to have the deeds above mentioned set aside and annulled for

various reasons therein assigned. Upon the hearing the circuit court of Shenandoah dismissed the bills of the plaintiffs, and they appealed to this court.

The first error assigned is the refusal of the court to annul the deed of 1872, because of the irregularity and insufficiency of the acknowledgment of the married woman aforesaid, as certified by the clerk taking the same.

The certificate to the deed of 1872 is as follows:

*"State of Virginia,*

"*Shenandoah County—to-wit:*

"I, George W. Miley, clerk of the county court of said county, in the State of Virginia, do certify that Thomas McClanahan and Rebecca, his wife, whose names are signed to the writing above, bearing date on the 8th day of June, 1872, personally appeared before me in my office, and acknowledged said writing to be their will and deed; and Rebecca McClanahan being examined by me privily and apart from her husband, and having the writing aforesaid fully explained to her, declared that she had willingly executed the same, and does not wish to retract it."

Our statute (Code of Virginia 1860, section 4, chapter 121), provides that "when a husband and his wife have signed a writing purporting to convey or transfer any estate, real or personal, she may appear before a court authorized to admit such writing to record, or before the clerk thereof in his office, and *if, on being* examined privily and apart from her husband by the clerk, and having such writing fully explained to her, she acknowledges the same to be her act, and declares that she had executed it willingly, and does not wish to retract it, such privy examination, acknowledgment, and declaration shall be thereupon recorded," &c.; and the form of the certificate is prescribed in accordance with the law.

In the certificate in this case the wife and husband appeared

and acknowledged the writing to be their deed; whereas, the statute required that the acknowledgment of the wife should be after she was removed from the presence and actual supervision of her husband; and if, after the writing had been fully explained to her, she should acknowledge the same to be her act, and declare that she had executed it willingly, and did not wish to retract it, that then it should be recorded.

But in this case the acknowledgment was before the privy examination, and before the writing had been fully explained to her; whereas, the deed, upon its face, shows that she was illiterate, and could not sign her name, and doubtless she was unable to read the deed for herself.

But the argument is that, upon her privy examination, she declared that she had willingly executed it, and does not wish to retract it, and that this was, in substance, an acknowledgment; that if she did willingly execute it, then it was her act, and the declaration that she had willingly executed it was a declaration that it was her act, and that a declaration that it was her act was an acknowledgment that it was her act.

The law, however, requires, in express terms, that she shall both acknowledge it to be her act, and declare that the act was willingly done. Can one be made to suffice for both? The law does not authorize the recordation of the deed, except upon such "privy examination, acknowledgment, and declaration." They are distinctly repeated in the section which provides for the recordation and the divesting thus of the wife's right. Can we say that, acknowledgment and declaration being the same, one will suffice, when the statute requires both; or can we say that, both being required *after* privy examination, one may come before and be in the presence of the husband, and the other, coming after, will suffice for both? The acknowledgment being in the presence of the husband, and before the writing had been explained to her, is it not altogether void? And the declaration that she had willingly executed the deed, standing without the allegation that she

now acknowledges it as her act, standing alone, is the statute complied with, and is the wife's right passed? It is well-settled by our decisions that a literal compliance with this statute is not necessary. When there has been a substantial compliance therewith, it is sufficient. See *Langhorne* v. *Halleson*, 4 Leigh, 225; *Todd* v. *Baylor*, Id. 498; *McClanachan* v. *Siter*, 2 Gratt., 280, in this court, and *Dennis* v. *Tarpenny*, 2 Barb., 371; *Dundas* v. *Hitchcock*, 12 Howard, 256; *Drury* v. *Craig*, 5 Wall., 795; *Watson* v. *Michael*, 21 W. Va., 568.

But the result of the authorities is that while a substantial compliance with the statute will suffice, yet it must be a substantial compliance with *every requisite* of the statute. None of the requirements can be dispensed with, and a compliance with some of them be held to contain the substance of them all. The examination must be privy; the writing must be explained to her; these are prerequisites. And, after this, the wife must *then* (1) acknowledge the deed to be her act, (2) declare that she did willingly execute it, and (3) that she does not now wish to retract it.

If she does not, under these circumstances, acknowledge it to be her act, and declare that she willingly executed it, then the law will regard the execution as involuntary and as under compulsion, and she is not bound. If she now does not go a step farther, and · declare, under these circumstances, with the shield of privacy thrown around her, that she does not now wish to retract (has not changed her mind), she is not bound.

A substantial compliance with all and each of these is all that is required, but none can be dispensed with, for that would be to disregard the law, which it is necessary to follow. In this case there has been no acknowledgment by the wife of the act, after privy examination and explanation out of the presence of her husband, unless we can hold that a declaration *that she did execute willingly* can be held to be such acknowledgment.

But the statute requires that there shall be both, not either;

and both are distinctly repeated in the statute which requires recordation of the deed of a married woman.

This question, upon the surface and in the abstract, appears to be one containing but little substance; but, when considered in connection with the statute, it is a question whether the statute has been complied with.   The statute directing an acknowledgment after privy examination, and the acknowledgment being in this case before such privy examination, to hold this certificate good would be to disregard this requirement of the law, which we are not authorized to do.

In the cases of *Blair* v. *Sayre*, 29 W. Va., 615, and *Laidley* v. *Land Co.*, 30 W. Va., 511, two well-considered decisions of our sister State upon this subject, and we refer to these cases, and the numerous cases they cite from this and other States on this subject.

In *Blair* v. *Sayre, supra,* the learned judge who delivered that opinion said: "In *Peekens* v. *Kniseley*, 29 W. Va., 1, we held that when the married woman had acknowledged the writing to be her act during the privy examination, and then declared that she had willingly acknowledged the same, and did not wish to retract it, there was a substantial compliance with the statute; because the word 'acknowledged,' as there used, meant 'executed,' as it manifestly referred to an act done previously to the privy examination.   But here the word 'acknowledged' refers evidently to a previous act on her part, and therefore the word, as here used, can only mean 'declared,' and clearly shows that, during the privy examination, she did not acknowledge the writing to be her act; and, therefore, that requirement was entirely omitted, as it was in *McMullen* v. *Eagen,* 21 W. Va., —.   It is impossible to sustain the certificate, and it is fatally defective."

This case is like that case in this respect.   The certificate does not set forth what the statute requires, that the wife, being examined privily and apart from her husband, acknowledged the deed to be her act, and it is therefore insufficient, and

the deed of 1872, aforesaid, was inoperative to pass or convey the wife's interest in the lands mentioned and described in the said deed; and the grantee, Samuel, took nothing thereby, and could convey nothing, so that Thomas acquired nothing by the deed from Samuel, and the lands, remaining in the wife, at her death passed and descended to the appellants, as her next of kin and heirs-at-law, and the circuit court ought to have set aside and annulled the said deed at their suit, and granted the relief so far as prayed in the bills, and partitioned the said lands among, or sold them for distribution, as might appear right; and the action of the circuit court of Shenandoah county, in dismissing the bills and refusing this relief, was erroneous, for which the said decrees appealed from will be reversed.

The next ground of error assigned is that the evidence showed fraud and coercion on the part of the husband toward the wife. There is no proof of this as to the deed of 1872; and, as to the deed of 1874, there is no proof which can be regarded. The notary who took the acknowledgment in the said deed of 1874, now falsifies his own certificate, but this he will not now be heard to do. See *First Nat. Bank of Harrisonburg* v. *Paul and Wife,* 75th Va. Rep., 601 ; *Hawkins* v. *Forsyth,* 9th Leigh, 301; *Hairston* v. *Randolph,* 12th Leigh, 459.

In *Hawkins* v. *Forsyth, supra,* Judge Tucker said : "The validity of the deed is made to depend, not upon the truth of the certificate, but upon its existence and its delivery to the clerk."

And Judge Staples says in the first-named case (75 Va. R., 601,) speaking of this certificate: "It is the authentic and sole medium of proving that the *feme covert* has acknowledged the deed with all the solemnities required by the statute." And there is not only no evidence of coercion by the husband, but the contrary is shown.

It is also claimed that the notary who took the acknowledgement of the wife to the deed of 1874 was not in the office

at the time; but this is not sustained by the record, the said notary having qualified in the time prescribed by law. It is also contended that the wife, by her deeds, did not convey, by apt and proper words in this deed, her entire interest mentioned; but the deed of 1874 grants unto the said Harrison Crabill and his heirs all the right, title, and interest of the said Rebecca McClanahan in and to the lands whereof her brother, Joseph Hockman, died seized and possessed, "then describing the lands, and the interest of Joseph Hockman, deceased," &c.

This was a grant, in direct terms, of all the right, title, and interest of the said Rebecca in the said lands; and, while there does not appear any error in the description, no misdescription should enure to the benefit or advantage of a grantor (or her successors), who had conveyed, in general terms, her entire interest in the lands of which Joseph Hockman died seized.

We are of opinion that the circuit court did err in refusing to annul the deed aforesaid of 1872, and for that error the said decrees will be reversed, and the causes remanded for further proceedings to be had therein in accordance with this opinion; but we are of opinion that there is no other error in the said decrees.

For the above reasons and to the extent indicated, the said decrees are reversed and annulled, and the cases remanded to the said circuit court of Shenandoah county, for further proceedings to be had therein in accordance with this opinion, in order to a final decree in the causes.

DECREE REVERSED.