## Smith v. Commonwealth Life Insurance Company.

(Decided January 27, 1914.)

### Appeal from McCracken Circuit Court.

Insurance, Life—Delivery of Policy—Failure to Deliver Before Death of Insured—Effect.—Where a policy of Insurance provides that no obligation is assumed by the company prior to the date of delivery of the policy, nor unless on said date the insured is alive and in sound health, and the insured dies before the

policy is delivered to him, or to anyone else for him, the con-
tract is not binding on the company.

J. F. NICHOLSON and HAZELIP & KAHN for appellant.

WHEELER & HUGHES for appellee.

Opinion of the Court by William Rogers Clay,
Commissioner—Affirming.

The defendant, Commonwealth Life Insurance Com-.
pany, issued to Elvis Wallace a policy insuring his life
in the sum of $300 in favor of his sister, Lena Wallace,
now Lena Smith.   The policy is dated October 16, 1911.
Payment being refused, the plaintiff and beneficiary, Lena
Smith, brought this action against defendant to recover
thereon.   Plaintiff avers in her petition that the insured,
Elvis Wallace, died from drowning on the night of Octo-
ber 16, 1911, and that he was in good health and alive
when the policy was issued and delivered.   She further
alleged that the premium of 15 cents for the week of Oc-
tober 16, 1911, had been paid, and there was due during
that year a balance of $7.65.   Claiming that defendant
was indebted to her in the sum of $300, less $7.65, she
asked judgment for the balance, amounting to $292.35,
with interest.   The insurance company defended on the
ground that the policy had never been delivered to the
insured, and that the first week's premium had never
been paid.   At the conclusion of plaintiff's evidence the
trial court directed a verdict in favor of the defendant.
Plaintiff appeals.

Plaintiff testified that defendant's agent came to her
house on Tuesday morning, October 17th.   He stated to
her  that her brother's policy had come and he could not
find her brother.   He further stated that he tried to de-
liver it all day Saturday and Monday, but could not find
him. She told the agent that she had the money to pay on
the policy, and he could deliver it to her.   This the agent
declined to do.   At that time she did not know that her
brother had been drowned.   She saw the agent again on
the following Saturday, and he refused to deliver the
policy.   She admitted, however, that she never saw the
agent until after her brother was drowned.   Her brother
was in good health on Monday, October 16th.

Mr. Pace, defendant's agent at Paducah, testified that
the policy in question was delivered to him.   On Monday,

morning he carried the policy around with him. He collected at the house where the sister of the insured lived. The insured was not there. On being asked if the premium was paid, he answered "Well, yes, I suppose the premium was paid." He further stated that it was the rule of the company to take the first premium out of the agent's salary. It was paid in this way. He was not reimbursed by the insured, nor did anyone else repay him. Nor did the company ever return the 15 cents. The policy, which was admitted in evidence, contains the following provision:

"The insurance provided for in this policy is based on the payment, in advance, of fifty-two weekly premiums for the first year, and becomes valid only by payment of the first premium, during the lifetime and good health of the insured, provided, however, that no obligation is assumed by the company prior to the date and delivery of this policy, nor unless, on said date, the insured is alive and in sound health."

We refrain from discussing the question of the payment of the first premium, since, in our opinion, that question is not material to a proper determination of the case. This is not a case where a binding contract of insurance is consummated by the unconditional acceptance of an application, or otherwise, before the issue or delivery of the policy. New York Life Ins. Co. v. Babcock, 104 Ga., 67, 30 S. E., 273; 69 Am. St. Rep., 134, 42 L. R. A., 88.

No question of waiver is presented; nor is it a case where a broker representing the insured obtains through the agent of the company a policy of insurance which was delivered by the agent to the broker prior to the death of the insured. New York Mutual Life Ins. Co. v. Thompson, 94 Ky., 253, 22 S. W., 87. By the express terms of the policy the company incurred no obligation unless the policy was delivered while the insured was alive. Defendant's local agent was not the agent or broker of the insured. The delivery of the policy to him was not delivery to the insured. The local agent never delivered the policy to the insured, or to anyone for him, prior to the death of the insured. Indeed, the policy was never delivered at all. That being true, the contract never became binding on the defendant. Commonwealth Life Ins. Co. v. Davis, 136 Ky., 339; McGregor v. Metropolitan Life Ins. Co., 143 Ky., 494.

Judgment affirmed.