# Metropolitan Life Insurance Company v. Cleveland's Administrator.

(Decided October 16, 1928.)

(As Modified December 21, 1928.)

## Appeal from Franklin Circuit Court.

1. Witnesses.—In action by insured's administrator on an industrial life policy, insured's mother, although one of the heirs at law and as such testifying for herself, held nevertheless a competent witness, under Civil Code of Practice, sec. 606, as to conversations and transactions occurring in her presence between insured and insurer's agent who took application, issued policy, and who, it was claimed, delivered it.

2. Witnesses.—In action by insured's administrator on an industrial life policy, insured's mother, who is one of the heirs at law, may not testify to any transactions with, or acts done or omitted to be done by, deceased, not in the presence of the insurer's agent.

3. Evidence.—In administrator's action on life policy, certified copy of certificate of death of insured, furnished by registrar of vital statistics, held admissible under Ky. Stats., sec. 2062a, subsecs. 1, 7, 21.

4. Evidence.—In action by insured's administrator on life policy, physician, who made out medical report embodied in certificate of insured's death, furnished by registrar of vital statistics, held competent witness in rebuttal, if his evidence tends to impeach the certificate.

5. Insurance.—In administrator's action on life policy, proof of death, signed by insured's mother, held improperly excluded.

6. Insurance.—Testimony of physician attending insured prior to her death, as to insured's condition and as to whether she was infected with disease of her urinary organs, held improperly excluded, where insurer pleaded such facts in defense to action on life policy.

7. Insurance.—Where insurer, in action on life policy, contended that insured, when making application, had diseases of the urinary organs, it was competent for insurer to introduce evidence showing that syphilis, gonorrhea, and venereal warts are diseases of the urinary organs, and that insured had been affected with those diseases.

8. Insurance.—Insured's medical director, in action on industrial life policy, where insurer defended on ground that insured had disease of the urinary organs, might testify as to whether insurer, in issuing policy, relied on the statements in the applications that insured had not had such diseases, or jaundice, or similar answers.

9. Insurance.—Where records of insurance company showed that premium on life policy was paid and credited to insured on books and retained by it, issue in action on policy by insured's administrator as to whether insured paid it or not held for jury.

10. Insurance.—In action by insured's administrator on industrial life policy insurer as defendant held not entitled to a peremptory instruction on ground that no premium was paid by insured, that policy lapsed, because premium tendered was not accepted and that policy was not delivered where insurer's records show that premium was paid and credited to insured and retained by insurer, the policy also providing for four weeks' period of grace after payment of first premium during which time insured's death occurred and requiring only that the insured be alive and in sound health at its date, not making delivery a prerequisite to validity.

11. Insurance.—In administrator's action on life policy, where insurer pleaded in defense that insured at time policy was issued was not in sound health, whether insured was in sound health at that time held for jury.

12. Insurance.—Effect should be given to insurance contract, wherein insurer foregoes some of the grounds of forfeiture allowed by Ky. Stats., sec. 639, if the provision is not unreasonable, or violative of statutes or public policy, as it is permissible for insurer to contract for less, but not more, than the statute allows it to contract for.

13. Insurance.—In action on industrial life policy, instruction which followed language of application prepared by insurer, and which insured and insurer contracted should be character of misrepresentation that would avoid policy, held not erroneous, where the provisions of the policy were reasonable, and consistent with public policy and Ky. Stats., sec. 639, providing that statements and descriptions in application shall be deemed representations, and not warranties, nor shall any representations, unless material or fraudulent, prevent recovery on policy.

14. Insurance.—Stipulation in insurance contract, which was an inducement for insured to procure insurance, and intended by parties to be a ground of forfeiture, on which insured could rely, being specifically stated, must exclude all other grounds of general nature, and should be construed as being inserted in lieu of all others.

BRUCE & BULLITT, JNO. E. TARRANT, EUGENE C. COCHRAN and WM. MARSHALL BULLITT for appellant.

W. C. MARSHALL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

Ethel Cleveland's administrator recovered a judgment against the Metropolitan Life Insurance Company for $484 on an industrial life policy. On this motion for an appeal, the conclusions reached by the court on the various questions raised by appellant will be noticed in their order without an elaborate statement.

The mother of the insured, although one of the heirs at law, and as such testifying for herself, is nevertheless a competent witness as to conversations and transactions occurring in her presence, between the insured and the agent of the company who took the application, issued the policy, and who, it is claimed, delivered it, as she falls within the exceptions enumerated in section 606, Civil Code (Burk v. L. & N. R. R. Co., 219 Ky. 163, 292 S. W. 486); hence the court did not err in permitting her to testify to such facts. But she may not testify to any transactions with, or acts done or omitted to be done by, deceased, not in the presence of such agent, and the court will so rule on another trial.

The court did err in excluding from the evidence the certified copy of the certificate of the death of insured, furnished by the registrar of vital statistics, as this is permissible under section 2062a, subsecs. 1, 7, 21, Ky. Statutes. While this section has not heretofore been construed, a similar act was held valid in Andricus v. Pineville Coal Co., 121 Ky. 724, 90 S. W. 233, and the exact point has been decided many times in other jurisdictions. Bozievich v. Kenilworth Mercantile Co., 58 Utah 458, 199 P. 406, 17 A. L. R. 346; Simpson v. Wells, 292 Mo. 301, 237 S. W. 520; Krapp v. Metropolitan Life Ins. Co., 143 Mich. 369, 106 N. W. 1107, 114 Am. St. Rep. 651; State v. Pabst, 139 Wis. 561, 121 N. W. 351; Blair v. Sayre, 29 W. Va. 604, 2 S. E. 97; Shamlian v. Equitable Acc. Ass'n, 226 Mass. 67, 115 N. E. 46; Griffith v. Continental Cas. Co., 290 Mo. 455, 235 S. W. 83; Branford Trust Co. v. Prudential Ins. Co., 102 Conn. 481, 129 A. 379, 42 A. L. R. 1450; Gilchrist v. Mystic Workers, 188 Mich. 466, 154 N. W. 575, Ann. Cas. 1918C, 757; Metropolitan Life Ins. Co. v. Parks, 210 Ala. 261, 97 So. 788; Robinson v. Western States Gas Co., 184 Cal. 401, 194 P. 39; Sandberg v. State, 113 Wis. 578, 89 N. W. 504.

Also the physician who made out the medical report embodied in the certificate may be introduced in rebuttal by the plaintiff, if his evidence tends to impeach the certificate. The court also erred in excluding the proof of death, signed by insured's mother. Supreme Lodge of Pythias v. Bradley, 109 S. W. 1178, 33 Ky. Law Rep. 413.

The application was made November 4, 1926. It is claimed the policy was delivered November 17th, and insured died on December 4th. Dr. Coblin visited her two

or three times within three weeks of her death. In view of the defenses to which reference will be made later, the court erred in excluding his evidence as to her condition at those times and as to whether she was infected with disease of the urinary organs. For the same reason it was competent for the defendant to introduce evidence showing that syphilis, gonorrhea, and venereal warts are diseases of the urinary organs, and that the insured had been infected with those diseases, but this evidence of course may be rebutted by physicians who deny that the matters mentioned are diseases of the urinary organs. Under the issues presented, and for reasons presently appearing, the company's medical director might testify as to whether the company, in issuing the policy, relied on the statements in the application that insured had not had diseases of the urinary organs, or jaundice, or similar answers.

The policy contained several provisions, a violation of which would avoid the policy, and being: (a) "If the insured is not alive or in sound health on the date thereof;" (b) "if she has been attended by a physician for serious disease or complaint;" (c) ". . . if any policy on the life of insured had been issued by the company and was in force, unless these provisions were indorsed on a waiver signed by the secretary of the company on page 4 of the policy." The insured had also stated in her signed application: (1) "I have never had diseases of the urinary organs, . . . jaundice, . . ." (2) "I am now in sound health, . . . nor have I any physical or mental infirmities of any kind." (3) "I have not been under the care of any physician within three years." These matters were pleaded in the answer, which also alleged that she was not in sound health at the date of the policy, that within two years before November 15, 1926, she had been attended by a physician for diseases of the urinary organs and jaundice, and had also been attended by a physician and treated for those diseases between the date of the application and the date of the policy; that she was carrying two other policies in the company which had been previously issued on her life. It being further alleged that she had been infected with a disease of the urinary organs and jaundice, and had within three years been under the treatment of a physician for these diseases, and that her answers were made fraudulently.

It is now urged that the court should have given a peremptory instruction for several reasons, which will be referred to in their order: (a) that no premium was ever paid by insured, and its agent so testifies; the claim being that payment was advanced by him; that the insured would not accept the policy when tendered, whereupon the policy lapsed, and the premium he had advanced was charged to him as a penalty. However, the records of the company show that the premium was paid and credited to the insured on its books and retained by it; hence the issue as to whether insured paid it or not was a question of fact properly submitted to the jury. It is urged that the policy was never delivered. It is admitted that appellant's agent True carried the policy to the insured, but the evidence is conflicting as to whether or not he delivered it to her; plaintiff's evidence being to the effect that he did, and that she returned it to him for him to keep until she could write to her father to furnish the money for additional premiums—all of which is denied by him. Aside from this, the policy provided for a four weeks' period of grace after the payment of the first premium (her death occurring within that period), and, if that premium was paid in advance as indicated by the company's records, and the application and payment accepted by the company, and the policy issued thereon, the contract of insurance might be said to be complete when it was sent to its agents for delivery. It might be added that the present policy only requires the insured to be alive and in sound health at its date, and does not make delivery a prerequisite to its validity, as was the case in Smith v. Com. Life Ins. Co., 157 Ky. 146, 162 S. W. 779, and Snedeker v. Metropolitan Life Ins. Co., 160 Ky. 119, 169 S. W. 570. Hence the insured was not entitled to a peremptory instruction on any of the grounds enumerated. But the court should have submitted to the jury the issue as to whether the insured was in sound health at the time the policy issued.

Following the questions and answers in the application, and preceding the signature, was the following stipulation:

"All statements in parts A and C of this application are made to induce the Metropolitan Life Insurance Company to issue its policy of insurance. . . . I hereby declare that the statements recorded above are true and complete, and I agree that

any misrepresentation willfully made shall render the policy void, and that the policy shall not be binding upon the company unless upon its date I shall be alive and in sound health."

The court instructed the jury that the plaintiff could recover unless "Cleveland, in her application to said company for insurance, falsely and willfully made answers to the questions submitted in said application, which were substantially untrue and upon which answers the defendant company relied, and were induced by said willful false answers to issue said policy, in which latter case the jury should find for the defendant." And in the second instruction, after setting out the questions and answers of which defendant complains, continued:

"Now, if you believe from the evidence that all or any of said answers were substantially untrue and willfully made with the purpose on the part of the said Ethel Cleveland to induce the defendant insurance company to issue said policy, and, if you further believe from the evidence that, according to the course of business usually followed by insurance companies doing business similar to the defendant, and defendant acting reasonably and naturally would not have accepted said application nor have issued said policy sued on, if the truth had been known and stated in the application, then you will find for the defendant, and, unless you so believe, you will find for the plaintiff as directed in instruction No. 1."

It also refused the following instructions offered by the defendant:

"1. If you believe from the evidence that Ethel Cleveland had suffered from any disease of the liver or of the urinary organs, or from jaundice, within a reasonable time, before November 5, 1926, even though more than three years prior to November 5, 1926; and if you further believe from the evidence that she represented that she had not suffered from the above-named diseases, or any of them, within such period; and if you further believe that these representations, or any of them, were untrue and fraudulent, even though not material, or were untrue and material, even though not fraudulent, then

you will find for the defendant, Metropolitan Life Insurance Company.''

"2. If you believe from the evidence that Ethel Cleveland had been under the care of any physician or physicians within three years next before applying for the policy on November 5, 1926, and represented to the insurance company that she had not been under the care of any physician within such time, and if you further believe that such representation was untrue and material, even though not fraudulent, or was untrue and fraudulent, even though not material, then you will find for the defendant, Metropolitan Life Insurance Company.''

It will be noted that instruction No. 1 and its converse follows the language of the application prepared by defendant, and which the parties contracted should constitute the character of misrepresentation that would void the policy. No reason is perceived why the parties may not so contract, if the provisions are not unreasonable, or violative of the statute or of public policy. And if, in order to secure business, the company is willing to forego some of the grounds of forfeiture allowed by statute within the limits above indicated, effect should be given to its agreement, as it may contract for less, but not for more, than the statute allows it.

Section 639 of the Kentucky Statutes reads:

"All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties; nor shall any misrepresentations, unless material or fraudulent, prevent a recovery on the policy.''

It clearly appears that the above-quoted provisions of the application are reasonable, are consistent with the statute, and not opposed to public policy. It follows that the court did not err in giving such instructions. So much seems conceded by appellant. It insists, however, that the contract provision is supplementary to the statute; and as the instructions offered by it were in the usual form of statutory instructions, it was also entitled to them. We cannot agree with this contention. The statute authorizes a forfeiture of the policy for fraudulent misrepresentations, and there could have been no purpose of restating that ground of forfeiture in the contract, if the statutory grounds of forfeiture were to be

relied upon; also to give three instructions upon that point would be misleading and confusing. On the other hand, it is clear that this stipulation was an inducement to procure the insurance, and that it was intended by the parties to be the ground for forfeiture upon which the company could rely, and being specifically stated, must exclude all other grounds of a general nature, and should be construed as being inserted in lieu of all others. However, the second instruction was wrong in requiring the representations to be material, and this portion will be eliminated on another trial.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.