## Wilmer v. Industrial Health, Accident & Life Ins. Co. et al., Appellant.

Argued October 7, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Ralph S. Croskey,* and with him *George J. Edwards, Jr.,* for appellant.

*Herman J. Tahl,* for appellee.

Opinion by Linn, J., January 30, 1931:

These two appeals are by defendant from judgments for plaintiff in two suits, each on an industrial policy of insurance on the life of Aaron Brown in the sum of $250, specified in the policy to be "funeral benefits." The cases were tried together below, argued together here and will be disposed of in one opinion. Two questions are raised:

1. On the refusal to admit in evidence part of the

proof of death—a certificate issued by the Bureau of Vital Statistics, Department of Health (Act of April 28, 1927, P. L. 498, amending section 21 of the Act of June 7, 1915, P. L. 900, 35 P. S. 471).

2. The refusal to permit defendant to read in evidence a paragraph in the affidavit of defense offered on the ground that it was new matter not replied to by defendant.

Plaintiff made out a prima facie case by putting in evidence paragraphs of the statement of claim and the policy of insurance. The policy provided that in consideration of the weekly payment of dues specified in the schedule, the company, on the death of the insured, would pay "the amount stipulated in said schedule as funeral benefits." The schedule is as follows:

Name of the member, Aaron Brown; funeral benefits, $250; weekly dues, 40 cents; name of the beneficiary, Myrtle Wilmer.

The following provision in the policy is pertinent: "In the event of the death of the insured while this policy is in force, and within six months from the date hereof, the company shall only pay a sum equal to one-fourth of the amount of funeral benefits mentioned in said schedule, after that period and within one year, one-half of said amount, and after one year the full amount as stated therein; provided, however, that if said insured shall die of nephritis, heart disease or consumption or disease of the lungs, contracted prior to the expiration of one year from the date of said policy, then the said company shall only pay a sum equal to one-half the amount which would otherwise be due."

The policy was dated May 28, 1928. Decedent died December 9, 1928. As death followed within the year, plaintiff sued for one-half of the amount that would have been payable had he died after a year. Among the paragraphs of the statement of claim read in evi-

dence by the plaintiff without objection was the following: "3. The said Aaron Brown died on the 9th day of December A. D. 1928, or within one year from date of the issuance of said policy, of which the defendant company had due and proper notice and to whom proper notice was given by the plaintiff. Whereupon the plaintiff became entitled to the sum of $125 as funeral benefits."

The beneficiary testified that deceased had boarded with her for two years immediately preceding his death, and during that time had not been sick; that, while she had delivered to defendant a proof of death which included a certificate from the Bureau of Vital Statistics, she had not furnished the information contained in the certificate, and "didn't know what he died with;" that her husband had signed the proof of death. Her husband testified that he did not know of what ailment decedent died and that he did not furnish the doctor with any information about it. To prove its defense, defendant then offered the certificate of the Bureau of Vital Statistics (in the words of defendant's counsel) "as having been furnished by her to the insurance company and she supplied them with the proof of death, and there is a further reason for its admission, it is a certificate provided under the Act of Assembly." The trial judge sustained an objection to the offer. It is well settled that proof of death furnished to defendant by plaintiff is admissible: Borgon v. Insurance Co., 99 Pa. Superior Ct. 377, 381, though, as was said in that case, a plaintiff "is not estopped at the trial by anything stated therein by physicians or others. Such statements are open to explanation and even contradiction by the plaintiff ......" As the certificate is admissible because plaintiff furnished it, we need not consider the effect of the Act of Assembly referred to (see page 384 of Borgon v. Insurance Co., supra) because, by furnish-

ing the certificate as part of the proof of death, plaintiff made it prima facie evidence, which is all that the statute, if valid, did.

It was error to exclude the certificate furnished by plaintiff as part of the proof of death. As the case must go back for retrial we need not pass on the other complaint for, if plaintiff apply for it, she should have leave to file a reply: see Penna. R. R. Co. v. Electric Co., 296 Pa. 40, 47.

No. 100—Judgment reversed and new trial granted.
No. 101—Judgment reversed and new trial granted.