## ALBERT v. NEW CAPITAL INDUSTRIAL LIFE᾿ INS. CO. *

### . No. 14673.

Court of Appeal of Louisiana. Orleans.
May 21, 1934.

John T. Charbonnet and Harold M. Rouchell, both of New Orleans, for appellant.

A. H. Reed, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a beneficiary to recover the sum of $150 representing the face value of an industrial life insurance policy. The

*Rehearing denied June 11, 1934.

sole defense is that the insured died of tuberculosis and under the provisions of the policy only one-half thereof is due.

There was judgment in favor of the plaintiff as prayed for and defendant has appealed.

■ On the trial of the case the only evidence offered by defendant to prove that the deceased died of pulmonary tuberculosis was the physician's statement filed by the plaintiff with the defendant in connection with the proof of death. Counsel for the plaintiff objected to the introduction of the statement on the ground that it was hearsay, contending that as the doctor who had made the statement was available as a witness, plaintiff was entitled to cross-examine him. The trial court referred the objection to the merits. Thereafter, counsel for the plaintiff did not make any attempt to explain or contradict the physician's statement and has not asked that the case be remanded for that purpose, being content to rely upon his interpretation of the clause in controversy. The authorities are to the effect that proofs of death submitted by a beneficiary are admissible in evidence as statements against the interest and unless explained or contradicted are sufficient to establish the facts sought to be proved by them. 7 Cooley's Briefs on Insurance, page 5929; Volume 8, Couch on Insurance, § 2200, page 7114; Leman v. Manhattan Life Ins. Co., 46 La. Ann. 1189, 15 So. 388, 24 L. R. A. 589, 49 Am. St. Rep. 348; 14 Ruling Case Law, § 605, p. 1443; Ziolkowski v. Continental Casualty Co., 263 Ill. App. 31; Wilmer v. Industrial Health, Accident & Life Ins. Co., 101 Pa. Super. Ct. 366; Borgen v. John Hancock Mut. Life Ins. Co., 99 Pa. Super. Ct. 377; Metropolitan Life Ins. Co. v. Cleveland's Adm'r, 226 Ky. 621, 11 S.W.(2d) 434; Jensen v. Continental Life Ins. Co. (C. C. A.) 28 F.(2d) 545; Metropolitan Life Ins. Co. v. Dabudka, 232 Mich. 36, 204 N. W. 771; Anderson v. Royal Highlanders, 195 Iowa, 1252, 193 N. W. 640; Dickey v. Supreme Tribe of Ben Hur, 218 Mo. App. 281, 269 S. W. 633; Fay v. Metropolitan Life Ins. Co., 119 Misc. 715, 197 N. Y. S. 287. Therefore, under the circumstances, we shall treat the case as if the insured died of pulmonary tuberculosis.

■■ The clause which we are called upon to interpret reads as follows:

"Only one-half of the death benefits other-wise payable under this policy, will be paid if death occurs from any of the following diseases:—Organic Heart Disease, Tuberculosis, Brights Disease, Cerebral Hemorrhage, Paralysis, Hypertension or any chronic disease contracted within eighteen (18) months from date of policy, nor will any benefits be paid under this policy if the insured is killed while violating the law or in consequence of a criminal act."

The issue presented is whether or not the words "contracted within eighteen (18) months from date of policy" refer back to and qualify the word "tuberculosis." If they do, it is conceded that plaintiff is entitled to recover, otherwise her claim must fail. It will be noted that after the word "Hypertension," there is neither a period nor a comma to indicate that there was a break in the sense or continuity of the sentence. In the last part of the clause which deals with the subject of the company's nonliability if insured is killed while violating the law or engaged in a criminal act, it will be observed that there is a comma before the word "nor" indicating that it was the intention of the writer of the policy to keep that matter separate and independent of the preceding subjects. It is our opinion that the language in question is susceptible of two different meanings, the meaning contended for by plaintiff and the meaning advocated by the defendant and, therefore, an ambiguity exists in the clause.

In Volume 36 Cyc., p. 118, we find the following:

"An ambiguity exists in a statute where it is susceptible of two or more different meanings or applications without doing violence to its terms."

Since we have concluded that an ambiguity exists, it follows that as the company wrote the policy it must be construed against it in favor of the claimant. Meyer v. Queen Ins. Co., 41 La. Ann. 1000, 6 So. 899; Williams v. Life Ins. Co. of Virginia, 3 Orl. App. 34; Cole v. Mutual Life Ins. Co., 129 La. 704, 56 So. 645, Ann. Cas. 1913B, 748; Brady v. Fidelity Mutual Life Ass'n, 13 Orl. App. 35; 32 C. J. § 265, page 1132.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.